UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KWONG YUNG,<br><br>    Plaintiff,<br><br>v.<br><br>INSTITUTIONAL TRADING<br>CORPORATION, *et al.*,<br><br>    Defendants. | Civ. No. 1:11-0857 (JMF) |

## MEMORANDUM ORDER

Now pending before the Court is Defendants' Motion to Dismiss or In the Alternative, for Summary Judgment [#47]. Defendants Institutional Trading Corporation and IT.com have moved to dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative for summary judgment pursuant to Rule 56. [#47] at 1. Defendants' Motion for Summary Judgment will be granted. There is no genuine issue of material fact that (1) a settlement agreement bars the claims asserted and (2) the statute of limitations has run as to these claims. See Fed. R. Civ P. 56(c).[1]

This case arises from the employment and termination of plaintiff. Notice of Removal [#1] at 6. Plaintiff alleges he was employed by defendants from November 2005 through December 12, 2006. Id. at 9.

On September 28, 2007, plaintiff filed a complaint in state court in California alleging

---

[1] The references to the Federal Rules of Civil Procedure and the D.C. Code are to the electronic versions that appears in Westlaw or Lexis.

breach of contract, unpaid wages, conversion, and fraud. <u>Defendants' Memorandum in Support of its Motion to Dismiss or in the Alternative, Summary Judgment</u> [#48] at 2, [#48-1] at 4.  He named as defendants "ITC, IT.com, and Does 1 through 10." [#48-1] at 2.  Defendants removed that case from California state court to federal court, and had the case transferred to this court. <u>Order Denying Motion to Remand; Granting Motion to Transfer; Denying Motion to Dismiss; Denying Motion for Summary Judgment</u> [#41] at 1).

     This court first concluded that Institutional Trading Company ("ITC") never employed plaintiff. <u>Yung v. Institutional Trading Co.</u>, 693 F. Supp. 2d 70 (D.D.C. 2010).  "Instead, . . ., all of the evidence in this case indicates that [plaintiff] contracted and ultimately dealt only with Codover[2] and Defendant IT.com." <u>Id.</u> at 75.  The court therefore granted summary judgment to ITC. <u>Id.</u>  The court granted IT.com's motion for summary judgment as to all counts except for the breach of contract and conversion claims  On July 6, 2010, the remaining parties to the lawsuit, <i>i.e.</i> plaintiff and IT.com, entered into a settlement agreement including a mutual release of all claims "that possibly exist, known and unknown," in exchange for defendants' promise to pay plaintiff $11,559.20. [#48] at 3.  Thereafter, the case was dismissed with prejudice. <u>Id.</u>

     Plaintiff contends that this case and the 2007 lawsuit do not share any defendants or causes of action and therefore he is not bound by the terms of the settlement agreement, the existence of which he also disputes. <u>Rebuttal to Motion of Defendants' Institutional Trading Corporation and IT Discovery Inc,'s Motion to Dismiss or For Summary Judgment</u> [#55] at 36.

---

    [2] In 1983 Mark Codover founded Institutional Trading Company and in 2005 created IT.com, a start-up technology company based in Washington D.C.  In staffing that company, Cordover hired Yung to work as IT.com's director of research.  IT.com fired Yung in 2006. <u>Yung</u>, 693 F. Supp. 2d at 72.

However, those distinctions are immaterial. In 2010, in the decision cited above, Judge Gwin found that plaintiff was employed by IT.com, and not by Institutional Trading Company, the predecessor to Institutional Trading Corporation. Yung, 693 F. Supp. 2d at 75. Judge Gwin's finding that plaintiff was employed by IT.com and not by Institutional Trading Company binds plaintiff and prevents him from asserting any contrary contention. Surely, it is settled beyond all question that "[w]hen an issue of fact is actually litigated and determined by a valid and final judgement, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982). It follows therefore that the only proper defendant in this case is IT.com. ITC is not a proper party defendant to this action and the action against it must be dismissed.[3] The signed settlement agreement[4] between IT.com and plaintiff bars "any and all claims that possibly exist, known and unknown." [#50-3]at 5. Summary judgment must therefore be granted to IT.com as this case is barred by the terms of the settlement agreement.

Additionally, as defendants correctly point out, all of plaintiff's claims are barred by the statute of limitations.

The relevant statute of limitations for plaintiff's claims as specified by District of Columbia law are as follows:

---

[3] The other defendant named in the docket is "IT Discovery, Inc." There is no such entity; "IT Discovery" is a software product created by IT.com that is advertised on its website, www.it.com. See Declaration of Mark Codover [#50-3] at 3, ¶¶ 8, 9. Plaintiff cannot sue it any more than he could sue Microsoft Word.

[4] While defendants failed to attach the signed settlement agreement a and copy of the signed and cashed check to their motion to dismiss, they attached them to Defendants' Reply in Support of Their Motion to Dismiss, or in the Alternative, Summary Judgment [#50] as Exhibit 3 [#50-3].

      Breach of Contract: 3 years;
      Misrepresentation (Fraud): 3 years;
      Wrongful Termination: 3 years;
      Interference and Blacklisting: 3 years;
      Defamation: 1 year.

D.C. Code § 12-301.

According to his complaint, plaintiff's termination occurred in 2006. It is clear that all the operative dates for his claims of relief occurred more than three years prior to the filing of this suit, and , all of these claims are time barred.

Finally, the Court instructs plaintiff, who proceeds pro se, that if in fact the settlement check bounced as he alleges, it is his right to move to reopen the 2007 lawsuit for the enforcement of the terms of the settlement.

Accordingly, it is, therefore, hereby,

**ORDERED** that <u>Defendants' Motion to Dismiss or In the Alternative, Summary Judgment</u> [#47] is granted and plaintiff's lawsuit is dismissed with prejudice. The Clerk shall enter judgment in favor of the defendants.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE